UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD F. CELLETTE,<br><br>          Plaintiff,<br><br>    v.<br><br>DALE POMERANTZ, ET AL.,<br><br>          Defendant. | Case No. 2:20-cv-04013-SB (MAR)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On June 7, 2022, Gerard Cellette ("Plaintiff"), proceeding pro se, constructively filed[1] a First Amended Complaint ("FAC") against Dale Pomerantz, Neil Chambers, Rhonda Skipper-Dota, M. Shimada, the Board of Parole Hearings ("BPH") and Gavin Newsom ("Defendants"). ECF Docket No. ("Dkt.") 63 at 4–5. For the reasons discussed below, the Court dismisses the FAC with leave to amend.[2]

**If Plaintiff desires to pursue this action, he is ORDERED to respond by no later than September 9, 2022, by choosing one of the three (3) options**

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] Defendants Chambers and Pomerantz have filed a "Request for Screening Plaintiff's Amended Complaint." Dkt. 64. To the extent Defendants are requesting that the Court comply with its statutory obligations under 28 U.S.C. § 1915, Defendants' request is unnecessary. In any case, because the Court is dismissing Plaintiff's FAC with leave to amend, Defendants' request is now **DENIED** as moot.

**discussed in Part V, below.** Further, Plaintiff is admonished that, if he fails to timely respond, the Court will recommend that this action be dismissed without further leave to amend and with prejudice for failure to state a claim and follow the Court's orders.

## II.
## SUMMARY OF THE COMPLAINT

Plaintiff successfully challenged his 2017 parole hearing and appeal in state court. Dkt. 63 at 6. Specifically, the state court held that Plaintiff's due process rights were violated because the BPH had used a nonexistent parole standard to deny Plaintiff's parole. Id. On remand, Plaintiff again was denied parole under a newly enacted standard. Id. at 6, 8.

In his FAC, Plaintiff alleges that Defendants conspired to retaliate and discriminate against him during his second parole proceedings in violation of the First and Fourteenth Amendments. Id. at 6–9, 16–23. Specifically, Plaintiff alleges the new parole standard was enacted specifically to retaliate and discriminate against him after he successfully challenged his first parole hearing, and that attorney M. Shimada arbitrarily denied review of his parole in violation of Cal. Code Regs. Tit. 15 § 2449.7(c), which states that a "hearing officer, associate chief deputy commissioner, or Chief Hearing Officer" was required to deny review of his parole. Id. at 8. Plaintiff also argues the parole standard used during his second parole proceedings is unconstitutionally vague. Id. at 9.[3]

## III.
## STANDARD OF REVIEW

Where a plaintiff proceeds in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may

---

[3] The Court has summarized Plaintiff's parole proceedings in detail several times. See, e.g., dkt. 44 at 2–3.

be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

A claim should be dismissed under Rule 12(b)(6) if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See, e.g., Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228–29 (9th Cir. 1984), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319 (1989). Although the plaintiff must provide "more than labels and conclusions," Twombly, 550 U.S. at 555, "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citations and quotation marks omitted).

In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892–93 (9th Cir. 2011). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). The court must also construe the pleading in the light most favorable to the pleading party and resolve all doubts in the pleader's favor. See, e.g., Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.

3

2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal.").

If a court finds the complaint should be dismissed for failure to state a claim, a court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, a court may dismiss without leave to amend. Cato, 70 F.3d at 1105, 1107–11.

## IV.

## DISCUSSION

### A. DEFENDANTS NEWSOM AND THE BPH ARE IMMUNE FROM SUIT

#### 1. Applicable law

"The Eleventh Amendment bars suits against state agencies." See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity).

However, "[w]hen sued for prospective injunctive relief, a state official in his official capacity is considered a 'person' for § 1983 purposes," and the Eleventh Amendment will not bar such relief. Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) (citation omitted). Accordingly, a suit for prospective injunctive relief against a state employee in his official capacity may be cognizable when properly pled. Doe v. Lawrence Livermore Nat. Lab., 131 F.3d 836, 839 (9th Cir. 1997); see also Hason v. Med. Bd. of California, 279 F.3d 1167, 1171 (9th Cir. 2002) ("[T]he Eleventh Amendment does not bar suits for prospective injunctive relief brought

against state officers 'in their official capacities, to enjoin an alleged ongoing violation of federal law.'") (quoting Agua Caliente Band of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1045 (9th Cir. 2000)).

The specific state official sued for prospective injunctive relief "must have some direct connection with the enforcement of the [allegedly unconstitutional] act." Los Angeles Cnty. Bar Ass'n v. March Fong Eu, 979 F.2d 697, 704 (9th Cir. 1992) (alteration in original; internal quotation marks omitted). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." Planned Parenthood of Idaho, Inc. v. Wasden, 376 F.3d 908, 919 (9th Cir. 2004). Furthermore, for the "prospective injunctive relief" exception to the Eleventh Amendment to apply, the plaintiff must establish a continuing violation of federal law. Green v. Mansour, 474 U.S. 64, 73 (1985) (relief barred in suit for injunctive relief against state official where there is "no claimed continuing violation of federal law").

**2. Analysis**

Plaintiff names Gavin Newsom and the BPH as Defendants. Dkt. 63 at 5. Plaintiff does not allege or explain how Governor Gavin Newsom has any direct connection to the alleged parole discrimination. Accordingly, claims against Gavin Newsom must be dismissed. See Planned Parenthood of Idaho, Inc., 376 F.3d at 919.

With respect to the BPH, the BPH is a part of the CDCR, a state agency, and is therefore immune under the Eleventh Amendment. Brown, 554 F.3d at 752.

In any amended complaint, Plaintiff should name only individual Defendants who have a "direct connection" with the enforcement of Plaintiff's allegedly unconstitutional parole proceeding.

///
///
///

B. **PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANTS POMERANTZ AND SKIPPER-DOTA**

    1. **Applicable law**

"Conspiracy is not itself a constitutional tort under § 1983." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012). Rather, a conspiracy claim can "enlarge the pool of responsible defendants by demonstrating their causal connections to the violation[.]" Id. In other words, alleging a conspiracy in § 1983 actions can: (1) "draw in private parties who would otherwise not be susceptible to a § 1983 action because of the state action doctrine" or (2) "aid in proving claims against otherwise tenuously connected parties in a complex case." Id. (internal citations omitted).

In order to state a claim for conspiracy under § 1983, a plaintiff must allege "an agreement or 'meeting of the minds' to violate constitutional rights." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (citing United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989)). Importantly, a plaintiff must also sufficiently allege an underlying constitutional violation. Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward Cnty., Okl., 866 F.2d 1121, 1126 (9th Cir. 1989)).

"To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). This agreement or meeting of the minds may be inferred on the basis of circumstantial evidence, such as the actions of the defendants. Mendocino Env't Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1301 (9th Cir. 1999) (citation omitted). However, conclusory allegations of conspiracy are not sufficient to support a claim under § 1983. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); see also Burns v. Cnty. of King, 883 F.2d 819, 821 (9th Cir. 1989) (plaintiff must allege specific facts to support claim of conspiracy to violate constitutional rights); Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) ("[t]o state a claim for conspiracy to violate

constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy.") (internal citations omitted).

**2.     Analysis**

Here, Plaintiff alleges that "from the first parole hearing, the second parole hearing to Shimada's arbitrary denial of parole, all Defendants had a common objective to deny Plaintiff's rights under the laws and regulations." Dkt. 63 at 19. The thrust of Plaintiff's retaliation and equal protection claims is that Defendants retaliated and discriminated against him throughout his second parole proceedings after he successfully challenged his first parole proceedings. Id. at 17–18. However, Plaintiff only alleges that Defendants Pomerantz and Skipper-Dota were involved in his first parole proceedings; Plaintiff does not allege either Defendant was involved in the allegedly unconstitutional second parole hearing. See id. at 6, 8.

Nor does Plaintiff allege sufficient specific facts to infer an agreement amongst Defendants Pomerantz, Skipper-Dota, and any other Defendant. To the extent any agreement could be inferred from Plaintiff's timeline of events, such an agreement would not include Pomerantz and Skipper-Dota because their participation concluded before the state court invalidated his first parole proceedings, and thus far before the enacting of the new parole standard or any alleged retaliation and discrimination in response to Plaintiff's successful challenge to the first proceedings.

Accordingly, all claims against Newsom, the BPH, Pomerantz, and Skipper-Dota are subject to dismissal.

## V.

## LEAVE TO FILE A SECOND AMENDED COMPLAINT

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT by September 9, 2022,** Plaintiff must choose one of the following three (3) options:

1

2    1.    Plaintiff may file a Second Amended Complaint to attempt to cure the
3 deficiencies discussed above.  If Plaintiff chooses to file a Second Amended
4 Complaint, he must clearly designate on the face of the document that it is the
5 "Second Amended Complaint," it must bear the docket number assigned to this case,
6 and it must be retyped or rewritten in its entirety, preferably on the court-approved
7 form.  Plaintiff shall not include new defendants or allegations that are not reasonably
8 related to the claims asserted in the FAC.  **In addition, the Second Amended**
9 **Complaint must be complete without reference to the Complaint, or any other**
10 **pleading, attachment, or document.**
11     <u>**The Clerk of Court is directed to mail Plaintiff a blank Central District**</u>
12 <u>**civil rights complaint form to use for filing the Second Amended Complaint,**</u>
13 <u>**which the Court encourages Plaintiff to use.  The Clerk of Court is also**</u>
14 <u>**directed to mail Plaintiff a copy of his FAC (Dkt. 63) for his reference.**</u>
15     Plaintiff is not required to omit any claim or defendant in order to pursue this
16 action.  However, if Plaintiff decides to pursue a claim in a Second Amended
17 Complaint that this Court has found to be insufficient, then this Court, pursuant to
18 the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge
19 a recommendation that such claim be dismissed with prejudice for failure to state a
20 claim, subject to Plaintiff's right at that time to file Objections with the district judge
21 as provided in the Local Rules Governing Duties of Magistrate Judges.
22    2.    Alternatively, Plaintiff may file a notice with the Court that he intends to
23 stand on the allegations in his Complaint.  If Plaintiff chooses to stand on the
24 Complaint despite the deficiencies in the claims identified above, then the Court will
25 submit a recommendation to the assigned district judge **that the FAC be dismissed**
26 **with prejudice**, subject to Plaintiff's right at that time to file Objections with the
27 district judge as provided in the Local Rules Governing Duties of Magistrate Judges.
28

3. Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **<u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if they choose to voluntarily dismiss the action.</u>**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: August 10, 2022

HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). | |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
*Date*                                                    *Signature of Attorney/Party*

NOTE: ***F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.***

***F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.***